Pearson, J.
 

 This case was before us in 1848, in the name of
 
 McDaniel
 
 v.
 
 Stoker, 5
 
 Ire. Eq. 274. Since then, by an amended and supplemental bill, it has'been made to assume entirely a new aspect. The former plaintiffs, James Coleman, Jr., and Nancy Rosemon, together with their assignees, Moore and Palmer, have released all their “right and title ” to the defendant Stoker, and the bill has been dismissed as to<them. But the present plaintiff, David Kendall, has been appointed the administrator
 
 de bonis non
 
 of Eliza Coleman, and seeks to recover the slave Edy and her child Ellick, on the ground that she was given to his intestate by the will of James Coleman, Sen., in 1811— that the executrix, Elizabeth Coleman, assented to the legacy, and in 1816 Eliza Coleman died intestate, leaving her mother,
 
 *208
 
 the said Elizabeth and her brothers and sisters, Richmond, James, Mary, Nancy and Sally, (the wife of the defendant Stoker,) her distributees — that Elizabeth Coleman, the administratrix of Eliza Coleman, kept Edy and her child until 1842, without rendering any account to the distributees, and then fraudulently and without consideration delivered and transferred the slaves to the defendant Stoker, who had married Sally, one of the sisters of Eliza. Richmond P. Coleman, and Maty McDaniel, of whom the plaintiff Kendall claims to be assignee, are also plaintiffs'.
 

 The defendant Stoker denies that old James Coleman left a 'will. But he says, admitting that títere was a will, and that Edy was given to Eliza Coleman, still the plaintiff Daniel Kendall has no right to recover of him the -said Edy and her child, for that in right of his wife he is entitled to one distributive share— that as assignee of Elizabeth Coleman, the mother of Eliza, he is entitled to another distributive share — that as assignee of Moore and Palmer, who were the assignees of James Coleman, Jr.,' and Nancy Roseman, he is entitled to two other of the shares. All this the plaintiff admits. And Stoker further alleges that in 1838, for the sum of $125, paid to each of them, Richmond P. Coleman and Mary McDaniel transferred to him all their right and title to the slave Edy and her child, and in this way the title of all of the distributees of Eliza Coleman is vested in him.
 

 The plaintiff David Kendall does not allege that there are any debts due by his intestate, Eliza Coleman remaining unpaid, and he puts his right to a decree on the ground that it is necessary in order to make distribution, and admits that Stoker has four of the shares, but avers that he, Kendall, as assignee of Richmond and Mary, is entitled to the other two shares. So the whole question turns on the transfer which Stoker alleges was made to him in 1838, by Richmond and Mary.
 

 Stoker avers that when they made the transfers, the parties did not know that old James Coleman had left a will, the records of Montgomery having been burnt up
 
 ;
 
 but he alleges they, for value, transferred to him whatever title they had in Edy and her child Ellick, and insists that it can make no difference whether they derived title as distributees of their father, old James Coleman, or as distributees of their sister Eliza, who was entitled to the slaves as a legatee of the said James.
 

 
 *209
 
 We have examined the deeds executed by Richmond P. Coleman and Mary McDaniel in 1838. These are expressed in nearly the same words. Richmond P. Coleman, for the consideration of $>1 25, to him in hand paid, grants, bargains and sells to David Stoker
 
 “
 
 all of my legacy now due and coming to me from my father, James Coleman’s dec’d estate, viz., one fifth part of all the negroes, viz : Sam, Bob,
 
 Edy
 
 and
 
 Ellick,
 
 and all the increase, if there should be any, and all personal estate that is now-due, owing, or coming to me, or ever hereafter may'be due, owing or coming to me from said estate, or in anywise appertaining thereunto, or as the case may be of the legacy that may fall to me.” We are satisfied from the proof taken in the case, that James Coleman, Sen., did leave a will, which was.duly proven in the County Court of Montgomery, and was destroyed by fire ; that by said will, the slave Edy was given to Eliza Coleman, and that Richmond and Mary were entitled to a distributive share in Edy and her child, as next of kin of (iieir sister Eliza, and not directly as next of kin of their father, as the parties seemed to suppose at die tíme of making the deeds above alluded to. But the deeds use words broad enough to transfer • the title of Richmond and Mary in and to the slave Edy and her child Ellick, no matter in what way their title was in fact derived, and a mistake in reference to the mode of deriving title is wholly immaterial.
 

 Per CuriaM, Bill dismissed with costs.